IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JUAN ALBERT CORONADO, § | |
| § | |
| Petitioner, § | |
| § | |
| v.  § | Civil Action No. 4:17-cv-257-O |
| § | |
| ERIC D. WILSON, Warden, § | |
| FMC-Fort Worth, [1] § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No.1) by petitioner Juan Albert Coronado ("Coronado"), a federal prisoner confined at FMC-Fort Worth in Fort Worth, Texas, and the Warden's response (ECF No. 6). After considering the relief sought by Petitioner, the record, related briefing, and applicable law, the Court concludes that Coronado's § 2241 petition should be and is hereby **DISMISSED** for lack of jurisdiction.

I.     BACKGROUND

Coronado was convicted in this the United States District Court for the Northern District of Texas, in Cause Number 4:14-cr-078-O (38), of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and sentenced to a 97-month term imprisonment. J., No. 4:14-cr-078-O (38), ECF No. 1550; Statement of Reasons, No.4:14-cr-078-O(38), ECF No. 1551. Coronado did not file a direct appeal, and he did not seek relief under 28 U.S.C. § 2255. Instead, Coronado filed the instant petition under 28 U.S.C. § 2241. Pet. 1, ECF No. 1.

---

[1] Because Eric D. Wilson has now replaced Rodney W. Chandler as Warden at FMC-Fort Worth, Wilson should "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d). The clerk of Court is directed to make this change on the docket of this case.

## II. CLAIMS FOR RELIEF

Coronado challenges this Court's sentence calculations, contending that the Court used the wrong advisory guideline range, that the guideline range should have been 10–16 months because he did not admit to any amount of methamphetamine, and that there was no evidence to associate him with any specific amount. Pet. 2–3, 5, 8, ECF No.1. He also alleges there was no factual basis for his guilty plea. *Id.* at 7.

## III. ANALYSIS

A motion under § 2255 is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000) (per curiam )). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). The statutory "savings clause" provides,

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Under the "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.

Coronado fails to show that the § 2255 remedy is either inadequate or ineffective to the test

2

the legality of his detention. Coronado cannot rely on § 2241 merely because he might now be limited in seeking relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904 and *Jeffers*, 253 F.3d at 830).

In this case, Coronado has not made these showings, and a review of the grounds asserted in his § 2241 petition shows that he cannot make them. Coronado does not claim or attempt to demonstrate that he was convicted of a nonexistent offense. Although Coronado includes a claim that there was "no factual basis for his guilty plea" (Pet. 7, ECF No.1), such claim does not challenge the viability of the conspiracy offense itself. Furthermore, this challenge is belied by Coronado's own admissions in the factual resume:

> STIPULATED FACTS
> From approximately April 2013 to approximately April 2014, Juan Albert Coronado received methamphetamine from Christopher Gomez, usually on consignment. Juan Coronado then distributed the methamphetamine to others, returning to Christopher Gomez for more methamphetamine. In this manner, Juan Albert Coronado conspired with Christopher Gomez, and other to possess with intent to distribute methamphetamine.

Factual Resume, No. 4:14-cr-078-O (38), ECF No. 1520. Thus, this claim is without merit.

Otherwise Coronado challenges the imposition of his sentence, and not his conviction, and such claims do not fall within the savings clause of § 2255(e). *See generally Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (contrasting claims challenging a sentence from those challenging

3

a conviction). In *Logan v. Warden Fed. Corr. Complex Beaumont*, the Fifth Circuit reviewed the denial of a § 2241 petition brought pursuant to the savings clause in which the petitioner asserted, as Coronado does in this case, that he was erroneously sentenced. 644 F. App'x 280 (5th Cir. 2016). The Fifth Circuit held that "[i]n the absence of an *en banc* decision by this court or an intervening Supreme Court decision overruling circuit precedent holding that a § 2241 petition cannot be used to challenge solely the validity of a federal sentence, this court is bound by its own precedent." *Id*. at 281 (citing *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014)).

The Court notes that Coronado recites a claim for relief based upon the fairly recent Supreme Court decision in *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016) (holding that on direct appeal, a defendant can rely on the application of an incorrect Guideline range to show an effect on his substantial rights for purposes of plain error review). But Coronado has not argued that this decision has been made retroactively applicable, and he has not claimed that the decision establishes that he was actually innocent of the charge against him because the conduct for which he was convicted has been decriminalized. Relevant case law recognizes that the *Molina-Martinez* opinion does not provide a basis for invoking the savings clause. *See e.g., Avila v. United States,* No.7:16-cv-700, 2017 WL 2391224, at *1 (S.D. Tex. April 21, 2017) (*Molina-Martinez* "addressed what showing a defendant must make on direct appeal [when claiming the trial court erred in its guideline calculations]; *Molina-Martinez* is not a vehicle for complaining of alleged guideline miscalculations on collateral review"); *United States v. Warren,* No. 8:96-cr-64-T-23 TBM, 2017 WL 4426549, at *3 (M.D. Fla. Oct. 5, 2017) ("*Molina-Martinez* neither asserts a new rule of constitutional law nor announces that the rule is retroactive on collateral review.")

As Coronado does not contend that he is actually innocent of the charge for which he was convicted based upon a retroactively applicable Supreme Court decision, and as he otherwise challenges the imposition of sentence, he is not entitled to relief under § 2241. Coronado's § 2241 petition must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379, 385 (finding

4

that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

### III. NO ALTERNATIVE REVIEW UNDER § 2255

Although this Court presided over Coronado's conviction and thus could preside over a motion under § 28 U.S.C. § 2255, Coronado pursued relief only under § 2241 and did not seek relief under 28 U.S.C. § 2255. Pet 1–8, ECF No.1. Thus, the Court has not construed the § 2241 petition as a motion to vacate under § 2255. Even to the extent the Court could alternatively construe Coronado's § 2241 petition as a motion under § 2255, such motion would be barred by the applicable statute of limitations. *See* 28 U.S.C. § 225(f)(1)–(4).[2]

### IV.    ORDER

Accordingly, it is **ORDERED** that Juan Albert Coronado's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **7th day** of **May, 2019**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[2] In this regard, except for a claim that government action created an impediment to filing under § 2255(f)(2), a claim based upon a right newly recognized by the Supreme Court and made retroactive under § 2255(f)(3), or a claim that the facts in support could not have earlier been discovered through the exercise of due diligence under § 2255(f)(4), the one-year period of limitation to file a § 2255 motion runs from the date the judgment of conviction became final. Coronado's judgment was entered on the criminal case docket on December 16, 2015. J., No. 4:14-cr-078-O (38), ECF No. 1550. Coronado did not file a direct appeal, and so his judgment of conviction became final at the time for him to have filed an appeal under Federal Rule of Appellate Procedure 4(b)(1)(A)(i) (fourteen days after entry of judgment)—on December 30, 2015. Thus, under 28 U.S.C. § 2255(f)(1), Coronado would have had one year, or through December 30, 2016, to timely file a § 2255 motion. If the document Coronado filed as § 2241 petition was to be construed as a § 2255 motion, as such document was constructively filed in this Court on the date Coronado gave it to prison officials—March 21, 2017, the document was filed several months beyond the applicable one-year limitations deadline of December 30, 2016.